UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BAKER,

    Plaintiff,

v.                                                        CASE NO: 8:07-cv-1564-T-23EAJ

GROUPWARE INTERNATIONAL, INC.,

    Defendant.

_____/

**ORDER**

    The defendant, Groupware International, Inc., ("Groupware") employed the plaintiff as a cable technician for twenty-six weeks in 2007. The plaintiff sues Groupware for failing to pay him overtime wages and for retaliating against him in violation of the Fair Labor Standards Act ("FLSA"). Groupware counterclaims (Doc. 23) for unjust enrichment, fraud, and set-off. The plaintiff moves (Doc. 25) to dismiss the counterclaim pursuant to Rule 12(b)(1) and (b)(6), Federal Rules of Civil Procedure. Groupware responds in opposition.

    The counterclaim contains the following allegations. For each week the plaintiff reported working fewer than forty hours, Groupware would pay the plaintiff a bonus equal to ten percent of the plaintiff's total regular wages. (Doc. 23, ¶ 10, 17) For sixteen weeks, the plaintiff fraudulently reported working fewer than forty hours to collect a bonus. (Doc. 23, ¶¶ 17, 30) Relying upon the report, Groupware paid the plaintiff a bonus for each of the sixteen weeks for a total of $743.82. (Doc. 23, ¶ 17) During the ten weeks that the plaintiff reported working more than forty hours,

Groupware paid the plaintiff one and one-half times his regular rate. (Doc. 23, ¶¶ 11, 28) Groupware claims that allowing the company "to set-off such amounts will not result in sub-minimum wage payments to" the plaintiff. (Doc. 23, ¶ 46)

Supplemental jurisdiction may be exercised over a permissive counterclaim "so related" to the other claim in an action that together they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction over a permissive counterclaim may be declined if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). This action presents no basis for declination.

The plaintiff argues the counterclaim is impermissible as a matter of law because the counterclaim offsets the plaintiff's wage claim. (Doc. 25, 3-4) The plaintiff relies on Brennan v. Heard, 491 F. 2d 1, 4 (5th Cir. 1974), which states that "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding to enforce the FLSA minimum wage and overtime provisions." The Fifth Circuit later clarified that Brennan permits an offset unless the result is a sub-minimum wage payment to an employee. Singer v. City of Waco. Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003); see also Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005). Neither the complaint

nor the counterclaim alleges any fact suggesting that a set-off would cause the plaintiff's wages to fall below the statutory minimum.

The plaintiff asserts that the economic loss rule bars the fraud counterclaim. (Doc. 25 at 5) "[U]nder Florida's economic loss doctrine, a plaintiff may not raise tort claims to recover solely economic damages arising from a breach of contract absent evidence of personal injury or property damage." Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1994). Neither the plaintiff nor Groupware alleges a contract between the parties. The economic loss rule will not bar a fraud claim independent of a breach of contract. HTP, Ltd. v. Lineas Aereas Costarricenses, 685 So. 2d 1238, 1239 (Fla. 1996). The plaintiff's other grounds asserted as a basis for dismissal are also deficient and the motion (Doc. 25) to dismiss the counterclaim is **DENIED**.

ORDERED in Tampa, Florida, on April 22, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE